## SUPREME COURT.

### GRIFFIN agt. COHEN AND OTHERS.

The plaintiff can not treat an *amended answer* as a *nullity*, and take an inquest at the circuit against the defendant.

The right to amend is absolute, subject only to the power of the court to strike out for cause shown. The court must pass upon the question of *intent* as well as of the *effect* of an amendment, and be satisfied that it was made for the purpose of delay, &c., before it can be stricken out.

*Oswego Special Term, November,* 1852. *Motion to set aside an inquest taken against the defendants for irregularity.* On the 20th of September, 1852, the complaint was served, the place of trial being in Onondaga county. October 11th, an answer was served by mail, by the defendants' attorneys, residing in Oswego, upon the plaintiff's attorneys, residing in Syracuse. The answer denied all the allegations of the complaint, and set up new matter to some parts of the complaint. The plaintiff did not reply, but noticed the action for trial. At the time of the service of the answer, and from about the time of the service of the complaint, one of the defendants, who is also one of the defendant's attorneys, was absent from the State, and the other attorney swears that the original answer was drawn according to the best information he had. On the return of the defendant an amended answer was deemed necessary, and on the 25th of October, was served by mail. On the 27th of October it was received back by the defendants' attorneys, by mail, without explanation, and on the 28th of October an inquest was taken in the action, and a verdict rendered for the plaintiff for $1050. The defendant, upon whose suggestion the amended answer was put in, and who is also a counsellor of this court, swears that the amended answer was put in in good faith, and in the belief, by him, that the same was necessary to enable the defendants to present and avail themselves of their defence in the action, and not for the purpose of delay.

Griffin agt. Cohen and others.

TALCOTT & CHURCHILL, *for Motion.*

MR. COATS, *Contra.*

W. F. ALLEN, Justice.—The practice regulating amendments of pleadings has undergone changes from time to time. Courts have at all times favored amendments to the utmost extent that was supposed consistent with a due regard to the rights of suitors, and the proper despatch of business, and hence we find that the right to amend has only been restricted within those limits which would effectually prevent an abuse of the privilege. By the rules of this court, in force at the time of the adoption of the Code, the respective parties had the right to amend their pleadings of course once; but to prevent an abuse of this right for the purpose of delay, it was provided that the defendant should not amend his plea unless his attorney should make and serve an affidavit that he verily believed the plea true in point of fact, and that it was pleaded in the belief that it contained a good answer to the action, both in form and substance. (*Rule* 23 *of* 1845, *and* 22 *of* 1847.) The Code of 1848 imposed no restriction upon the right of either party to amend their pleadings without costs and without prejudice. (§ 148.) This provision was amended in 1849, by providing that pleadings might thus be amended *once,* while the original Code imposed no restriction or limitation of that character. (*Code of* 1849, § 172.) It was found that under the provisions of the Code as amended, the right to amend was liable to abuse, as parties might, and not unfrequently did, put in an answer with a view to a subsequent amendment within the time allowed by law, which would postpone the trial of the action to the prejudice of the plaintiff. The legislature did not see fit to guard against this abuse by requiring an affidavit of good faith, as required by the former rules. To remedy, to some extent, this difficulty, the section was again amended in 1851, and it is now provided that a pleading may be once amended within the time prescribed in the act, unless "it be made to appear to the court that it was done for the purpose of delay, and the plaintiff or defendant will thereby lose the

benefit of a circuit or term for which the cause is or may be noticed, and if it appear to the court that such amendment was made for such purpose, the same may be stricken out, and such terms imposed as to the court may seem just." (*Code of* 1851, § 172.) There is nothing in this section authorizing the party upon whom the amended pleading is served to disregard it if served within the proper time. Strout agt. Curran, (7 *How. Pr. R.* 36.) The right to amend is absolute, subject only to the power of the court to strike out for cause shown. If the amendment is made in good faith, and not for the purpose of delay, it cannot be stricken out, although the effect may be to deprive the opposite party of the benefit of a circuit or term. The court must pass upon the question of intent as well as of the effect, and be satisfied that it was made for the purpose of delay, and that such will be the effect of it, before it can be stricken out. The statute does not authorize the party to decide in the first instance and disregard it at his peril, leaving the rights of the parties to be subsequently settled upon motion, but provides for a decision upon the good faith and propriety of the amended pleading before any other proceedings are had in the action which may affect the rights of the parties.

The rights of the parties may be effectually protected, and all delay prevented under this provision. If the amended pleading shall be served during a circuit the court can, upon a proper case being made, require the party amending to show cause at a short day, why the amended pleading should not be stricken out. (*Code,* § 402.) Or if for any reason this cannot be done upon the adjournment of the circuit, application may be made at a special term, and if the case is brought within the provision authorizing the court to strike out, it can be done, and such terms imposed upon the party thus attempting to avail himself of the statute of amendments in bad faith, as will prevent injury to the adverse party. The plaintiff was, in my judgment, clearly irregular, and it is unnecessary, therefore, to examine several other matters which were urged upon the argument of the motion. I will barely add that some parts of the amended answer are doubtless material if they can

be supported by evidence. The good faith of the amendment is sworn to, and that it was not made for the purpose of delay, and there is nothing in the case to cast suspicion upon this part of the affidavit.

The motion must be granted with $10 costs, with leave to the plaintiff to reply within twenty days after a return of the amended answer to his attorney.